## Michoud et al. *v.* Dejoux et al.

Where a purchaser at a judicial sale of property sold under a mortgage retained by the plaintiff on a sale of the property to the defendant, takes a rule on the plaintiff to show cause why the sale should not be rescinded, on the ground of the existence of a lease made by the defendant and not made known at the time of the sale, the defendant, not having been a party to the judicial sale, need not be made a party to the rule.

APPEAL from the District Court of the First District, *Buchanan*, J. *Duvigneaud*, *Roselius* and *Soulé*, for the plaintiffs: *Schmidt* and *Castera*, for the appellants. The judgment of the court was pronounced by

ROST, J. *Dejoux* purchased, on three years' credit, a house and lot from the succession of *Girod*. He failed to pay the first instalment at maturity, and the executors of *Girod* instituted proceedings against him and his endorsers, to recover the amount. During the pendency of this suit, *Dejoux* made a seven years' lease of the property to *Adélaide Brown*, his brother's concubine, for an annual rent, proved to be less than one-fourth of the real value of the tenement. The executors having obtained a judgment, caused the property to be sold under their mortgage, and the purchaser afterwards refused to take it on account of the lease, which was not made known at the time of the sale. The executors then sued to avoid the lease, on the ground that it was made for the purpose of defrauding the succession of *Girod*, who holds a privilege on the property for the whole price. Subsequently, the purchaser at the sheriff's sale took a rule upon the executors, to show cause why the adjudication made to him should not be set aside, on the ground that the sheriff was unable to give him a title and the absolute possession of the property, by reason of the existence of the lease. This rule was made absolute, and the adjudication set aside.

The answer of the defendant, *Dejoux*, contains the two following exceptions to the plaintiffs' right of action: *First*, That they have sold the property, and nothing shows that the purchaser is not bound to take it, subject to the lease. *Second*, That the plaintiffs have not alleged, and it does not anywhere appear in their petition, that, even with the lease, the property would not sell for a sum sufficient to pay the succession of *Girod* all that is due to it. In case these exceptions be overruled, he filed a general denial, and farther answered that the lease had been made by him in the legitimate exercise of his right of ownership, that he had made large improvements on the property, which, as it stood, was more than sufficient to pay all that is due to *Girod's* estate. The other defendant, *Adélaide Brown*, answered that, she was the *bonâ fide* lessee of the property, and denied the fraud charged against her. The case was tried before a jury, who returned a verdict for the plaintiffs; and the defendants have appealed from the judgment rendered thereon.

The suit, as it was presented to the jury, is an action by the executors to avoid the lease on the ground of fraud, in order that the property may be made available for the price and the interest due thereon. We are satisfied that the verdict has done justice between the parties. But the defendants' counsel asks that the case be remanded, on certain bills of exception found in the record.

MICHOUD
v.
DEJOUX.

After six of the jurors had been sworn, he insisted that the exception presented by his answer should be determined by the court before the cause was submitted to a jury, which application the court refused, considering the proper course to be, at that stage of the proceedings, to submit the exceptions to the jury under its instructions. We are not prepared to say that the court erred; but, without going into that inquiry, the exceptions were clearly untenable, and the jury did no more than consider them in that light. The adjudication of the property had been set aside, and the purchaser was not bound to take the property. The executors alone had an interest in the proceeding. The allegation in the petition that the lease was made to defraud the succession of *Girod*, who has the vendor's privilege on the property for the price, was amply sufficient. Unless the plaintiffs were injured by the lease, there could be no fraud.

The exceptions of the defendants to the refusal of the judge to instruct the jury on some of the points submitted by their counsel, are equally untenable. No part of the price is shown to have been paid to the succession of *Girod*. It is true that the property, without the lease, originally sold for a sum sufficient to pay it; but this adjudication has been set aside, and can have no effect on the rights of parties.

The rule to set aside the adjudication was properly litigated between the purchaser and the plaintiffs. The defendant, *Dejoux*, was not a party to the judicial sale.         *Judgment affirmed.*